IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORDACHE STEPTER,

    Plaintiff,　　　　　　　　　　No. CIV S-11-1904 DAD P

    vs.

CALIFORNIA DEP'T OF
CORRECTIONS, et al.,　　　　　　　　　ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1). On August 1, 2011, plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 5.

**I. Application to Proceed In Forma Pauperis**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

/////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2

(1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Plaintiff's Complaint**

In his complaint, plaintiff alleges as follows. Plaintiff was refused his $200 "parole/gate money" after he was released from the Sierra Conservation Center (SCC) in March of 2011. From SCC, plaintiff was transported to the Los Angeles County Jail on an outstanding warrant upon which plaintiff contends he had already completed service of his sentence. Because plaintiff did not receive the parole/gate money upon his release from SCC, he had to borrow money from relatives and apply for food stamps. Plaintiff names as defendants the California Department of Corrections, the warden of Folsom State Prison, the warden of the Sierra Conservation Center, and the supervisor of the Long Beach Parole Office. In terms of relief, plaintiff seeks a court order requiring the California Department of Corrections and Rehabilitations and the Long Beach Parole Office to reimburse him the $200 gate money and to void all of his restitution fines.

**IV. Analysis**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, the statute requires that plaintiff allege that he was deprived of a right under the U.S. Constitution or federal statute. In this case, plaintiff's allegation that he was

entitled to "gate money" upon his release from SCC is based solely upon a California statute and a related state regulation.[1]  Therefore, plaintiff has failed to allege a cognizable federal claim for relief.  See Beard v. Crenshaw, No. CV 08-06349 GW (RZ), 2008 WL 4570272, at *5 (C.D. Cal. Oct. 14, 2008) (holding that plaintiff's claim that he was not provided funds upon his release from jail fails to allege any violation of federal law), order adopting report and recommendation, 2009 WL 982634 (C.D. Cal. April 10, 2009).  In addition, the court may not exercise supplemental jurisdiction over state law claims unless plaintiff has stated a cognizable claim for relief under federal law.  28 U.S.C. § 1367.  Here, plaintiff has not done so.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 22, 2011 request for leave to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

/////

/////

---

[1] See California Penal Code § 2713.1 ("In addition to any other payment to which he is entitled by law, each prisoner upon his release shall be paid the sum of two hundred dollars ($200), from such appropriations that may be made available for the purposes of this section. The department may prescribe rules and regulations . . . ."); California Code of Regulations, title 15, § 3075.2(d) ("Release Allowances.  A release allowance is a sum of money intended for the rehabilitative purpose of assisting in an inmate/parolee's reintegration into society, and shall only be provided to an inmate who is released from prison to the direct supervision of a parole agent in the community, is placed on non-revocable parole, or is discharged from the jurisdiction of the Department of Corrections and Rehabilitation.  Except as stipulated below, inmates with six months or more served on a sentence or parole violation shall be given $200, less the costs of clothing and public transportation provided by the facility in connection with their release. . . . (2) Inmates who are released to the custody of local law enforcement as a result of a detainer or hold are ineligible to receive a release allowance until the inmate is released from custody to direct parole supervision in the community. . . .")

1          3.  This action is dismissed due to plaintiff's failure to state a cognizable claim.

DATED: March 21, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
step1904.fsc